Greg STEVENS, Appellee,

v.

F.H. McHAN, Major, Cummins Unit, A.D.C., Appellant.

No. 92–3252.

United States Court of Appeals, Eighth Circuit.

Submitted April 13, 1993.

Decided Sept. 7, 1993.

Melissa K. Rust, Little Rock, AR, argued (John D. Harris, on brief), for appellant.

Gregory T. Jones, Little Rock, AR, argued, for appellee.

Before JOHN R. GIBSON, LOKEN, and HANSEN, Circuit Judges.

HANSEN, Circuit Judge.

This is a 42 U.S.C. § 1983 action. The district court[1] found that prison official F.H. McHan violated prisoner Greg Stevens's procedural due process rights and awarded Stevens damages of $500 per day for the eight days he was confined in administrative segregation. McHan appeals. We affirm on the issue of liability, but we reverse and remand for recalculation on the issue of damages.

## I.

Stevens, a prisoner with an amputated finger on his left hand, received a medical limitations slip, commonly referred to as a "script," prohibiting him from working with a hoe in the prison fields. On August 9, 1990, Stevens reported to work in the field and showed a prison official his script. The official immediately took Stevens to see McHan. During this meeting, McHan, believing Stevens was simply lazy and wanted out of his work assignment, became angry, tore up the script, and sent Stevens to administrative segregation. Later that same day, McHan cited Stevens for a major disciplinary violation for malingering. Stevens spent eight days in administrative segregation while awaiting a hearing on the alleged major disciplinary violation. During the second day, a prison nurse informed Stevens that he had tested positive for the HIV virus. Prison officials prohibited Stevens from visiting with

---

1. The Honorable John F. Forster, Jr., United States Magistrate Judge for the Eastern District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

his family during this eight-day period. The discipline committee exonerated Stevens and released him from administrative segregation.

Following his release, Stevens received another script that prohibited him from working in the fields with a hoe. He reported to work and showed the script once again to McHan. McHan ordered Stevens to work with a shovel instead of a hoe. McHan also convinced a prison physician to change Stevens's script in order to permit him to work with one hand. McHan explained that it was deleterious to morale and security to have a prisoner in the fields not working.

Stevens brought this § 1983 action alleging that McHan violated his procedural due process rights by placing him in administrative segregation without a hearing beforehand and that he suffered severe mental anguish. The district court concluded that Stevens's procedural due process rights were violated and that he suffered an actual mental injury. It awarded damages to Stevens equalling $500 per day for the eight days that he was confined in administrative segregation.

## II.

McHan contends that the district court clearly erred in finding that he acted with an express intent to punish Stevens and that his decision to place Stevens in administrative segregation was malicious and arbitrary. Under McHan's argument, Stevens was not placed in administrative segregation in order to punish him, and therefore, Stevens was not entitled to receive a hearing beforehand under the Fourteenth Amendment Due Process Clause. We disagree.

"When 'an inmate is deprived of privileges or placed in a special confinement status in order to punish him for past misconduct, then due process requires some kind of hearing beforehand.'" *Brown–El v. Delo,* 969 F.2d 644, 647 (8th Cir.1992) (quoting *Jones v. Mabry,* 723 F.2d 590, 594 (8th Cir.1983), *cert. denied,* 467 U.S. 1228, 104 S.Ct. 2683, 81 L.Ed.2d 878 (1984)). "Absent a showing of an expressed intent to punish by the prison officials, whether an inmate is segregated for [impermissible] 'punitive' reasons or for [per-missible] administrative purposes generally will turn on whether the detention is reasonably related to a legitimate government objective." *Id.* at 648 (citations omitted). "If the decision to segregate is arbitrary or purposeless, a court may 'infer that the purpose of the governmental action is punishment that may not constitutionally be inflicted upon [an inmate].'" *Id.* (quotation omitted).

At trial, the issue of credibility was crucial because McHan and Stevens presented sharply conflicting evidence. The district court listened to the evidence and viewed the demeanor of the witnesses. It found that McHan's decision to place Stevens in administrative segregation was "malicious and arbitrary" and that McHan acted with an "express intent to punish Stevens." *Stevens v. McHan,* No. PB–C–90–506, slip op. at 7 (E.D.Ark. filed Sept. 14, 1992) (Memorandum and Order). Based on these findings, the district court held that Stevens was entitled to a hearing before being placed in administrative segregation.

■ We review a district court's factual findings under the clearly erroneous standard. *See* Fed.R.Civ.P. 52; *see also Anderson v. City of Bessemer City,* 470 U.S. 564, 573, 105 S.Ct. 1504, 1511, 84 L.Ed.2d 518 (1985). "A factual finding is clearly erroneous if it is not supported by substantial evidence in the record, if it is based on an erroneous view of the law, or if the reviewing court is left with the definite and firm conviction that an error has been made." *Burns v. McGregor Elec. Indus., Inc.,* 955 F.2d 559, 563 (8th Cir.1992) (citation omitted). Findings supported by the record but based primarily on a trial judge's decision on the credibility of the witnesses can "'virtually never be clear error.'" *Id.* (quoting *Anderson,* 470 U.S. at 575, 105 S.Ct. at 1512).

■ After thorough review, we cannot conclude that the district court's findings of fact are clearly erroneous. Under our standard of review, "[t]his court may not make an independent determination of the facts and reverse simply because it might have decided the case differently." *Id.* (citation omitted). There is sufficient evidence to uphold the findings, and we are not left with a firm

conviction that a mistake has been made. Consequently, we affirm the district court's factual findings that McHan acted maliciously, arbitrarily, and with a punitive intent, and we hold that McHan violated Stevens's procedural due process rights by failing to afford him a hearing before placing him in administrative segregation.

### III.

McHan next contends that the district court abused its discretion in awarding damages to Stevens totalling $4,000. We agree.

 We review a district court's damages award in a § 1983 action under the abuse of discretion standard. If the damages award is arbitrary and excessive, this court will remand for recalculation. *Maxwell v. Mason,* 668 F.2d 361, 366 (8th Cir.1981).

 A § 1983 plaintiff who can prove actual injury from a procedural due process violation is entitled to compensatory damages. *Carey v. Piphus,* 435 U.S. 247, 264, 98 S.Ct. 1042, 1052, 55 L.Ed.2d 252 (1977); *see also Graham v. Baughman,* 772 F.2d 441, 446 (8th Cir.1985). Mental and emotional distress caused by a denial of procedural due process are compensable injuries in a § 1983 action. *Carey,* 435 U.S. at 264, 98 S.Ct. at 1052. The district court found sufficient evidence was presented to prove that Stevens suffered actual mental and emotional injury. The district court awarded $500 per day for the eight days that Stevens spent in administrative segregation. In calculating a damages award for an unconstitutional confinement, it is permissible to rely on a per day amount. *Maxwell,* 668 F.2d at 365–66.

 In our opinion, the $4,000 damages award is arbitrary and excessive. As a basis for comparison, the range of per day damages awards for unconstitutional solitary confinement, which is a more harsh form of confinement than administrative segregation, is much less than the damages awarded in this case. *See Maxwell,* 668 F.2d at 366 ($100 per day for solitary confinement) and *see, e.g., Smith v. Rowe,* 761 F.2d 360, 368 (7th Cir.1985) (approximately $119 per day for segregation); *Saxner v. Benson,* 727 F.2d 669, 672–73 (7th Cir.1984) ($129 per day for

unconstitutional administrative segregation), *aff'd on other grounds,* 474 U.S. 193, 106 S.Ct. 496, 88 L.Ed.2d 507 (1985); *King v. Higgins,* 702 F.2d 18, 19–20 (1st Cir.), *cert. denied,* 464 U.S. 965, 104 S.Ct. 404, 78 L.Ed.2d 344 (1983) ($25 day for solitary confinement); *United States ex rel. Larkins v. Oswald,* 510 F.2d 583, 589–90 (2nd Cir.1975) ($25 per day for solitary confinement). We conclude that the district court abused its discretion in awarding $500 per day for the time Stevens was confined in administrative segregation.

### IV.

Accordingly, we affirm the district court's conclusion that Stevens's procedural due process rights were violated, but we reverse and remand for recalculation of the damages award in a manner consistent with this opinion.