# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 98-4031NI

_____

Charles A. Trobaugh,

        Appellant,

    v.

Sergeant Hall, sued as Sargeant Hall,
Linn Co. Deputy; Michael Carr, sued
as Mr. Carr, Jail Administrator,

        Appellees.

On Appeal from the United
States District Court
for the Northern District
of Iowa.

_____

Submitted: April 5, 1999

Filed: May 13, 1999

_____

Before WOLLMAN, Chief Judge, RICHARD S. ARNOLD and BEAM, Circuit
Judges.

_____

RICHARD S. ARNOLD, Circuit Judge.

Charles A. Trobaugh appeals the District Court's order, awarding $1 nominal damages against Linn County, Iowa, Deputy Harvey Hall and granting summary judgment to Linn County Correctional Center (LCCC) Administrator Michael Carr, in Trobaugh's 42 U.S.C. § 1983 action. For the reasons stated below, we reverse and remand in part, and affirm in part.

While detained at LCCC, Trobaugh filed a grievance to contest Hall's transporting him to court early; Hall denied Trobaugh's grievance. Trobaugh filed a second grievance, seeking to appeal Hall's decision; Hall responded and denied this grievance as well. Trobaugh filed a third grievance to contest the apparent lack of an appeal process; Hall also denied this grievance. The next day, two LCCC deputies awakened Trobaugh at 12:30 a.m. and escorted him to an isolation cell. Hall soon visited Trobaugh, informed him that he had been placed in administrative segregation for filing repeat grievances, and stated that Carr would be told why Trobaugh was in segregation. Trobaugh remained in segregation for three days; he did not file subsequent grievances because he feared further retaliation. Trobaugh requested compensatory and punitive damages, as well as damages for emotional pain and suffering and for time spent in segregation. Hall conceded that his conduct violated Trobaugh's First Amendment right to petition for the redress of grievances. Carr denied liability and moved for summary judgment. The District Court granted summary judgment to Carr, finding insufficient evidence of Carr's involvement in Trobaugh's segregation, and after a trial on the issue of damages, awarded $1 in nominal damages to Trobaugh for Hall's unconstitutional conduct.

We review a District Court's damage award in a section 1983 action for abuse of discretion, and if the award is arbitrary, we will remand for recalculation. See Stevens v. McHan, 3 F.3d 1204, 1207 (8th Cir. 1993). We conclude the District Court abused its discretion by awarding only $1 in damages for Hall's violation of Trobaugh's First Amendment rights. See Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989). In our opinion, the $1 compensatory damage award was patently insufficient to compensate Trobaugh for the injury he suffered by being placed in segregation in retaliation for exercising a constitutional right. See Simmons v. Cook, 154 F.3d 805, 809 (8th Cir. 1998) (upholding $2,000 damage award for paraplegic inmates placed in solitary confinement for thirty-two hours); Stevens, 3 F.3d at 1207 (citing cases suggesting appropriate damage range for unconstitutional segregation is between $25 and $129 per day). Therefore, we reverse the District Court's $1 award

and remand so that the Court may award damages of an appropriate amount, which we believe would be in the vicinity of $100 per day for each of the three days Trobaugh spent in administrative segregation. See Maxwell v. Mason, 668 F.2d 361, 365-66 (8th Cir. 1981) (compensatory damages of $100 per day of solitary confinement not excessive or arbitrary).

Further, we ask the District Court to reconsider awarding punitive damages against Hall. The undisputed evidence showed that Hall deliberately punished Trobaugh for exercising his First Amendment right to submit grievances and successfully intimidated Trobaugh from filing further grievances. This conduct amounted to reckless or callous indifference to Trobaugh's First Amendment right to submit grievances, and may call for deterrence and punishment over and above that provided by a compensatory award. See Williams v. Brimeyer, 116 F.3d 351, 352-355 (8th Cir. 1997) (defendants who unconstitutionally denied inmate incoming mail were callously indifferent to inmate's First Amendment rights and $1,000 punitive damage award was appropriate); Coleman v. Rahija, 114 F.3d 778, 787 (8th Cir. 1997) (standard for awarding punitive damages). The issue of punitive damages should be reconsidered in light of our holding that the amount of compensatory damages awarded was insufficient.

On de novo review of the District Court's grant of summary judgment to Carr, see Andrews v. Fowler, 98 F.3d 1069, 1074 (8th Cir. 1996), we affirm. Trobaugh's evidence was insufficient to create a genuine issue as to Carr's actual knowledge of and deliberate indifference to Trobaugh's unconstitutional placement in administrative segregation. See McDowell v. Jones, 990 F.2d 433, 435 (8th Cir. 1993).

Accordingly, we reverse and remand in part, and affirm in part. We deny Trobaugh's motion for appointment of counsel on appeal.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.