Hubert TODD, Jr., Plaintiff,

v.

**Warden Leonard GRAVES, Deputy Warden Jim Helling, and Warden John Mathes, Defendants.**

No. 4:01–CV–40625.

United States District Court, S.D. Iowa, Central Division.

July 3, 2002.

Hubert Todd, Jr., Fort Madison, IA, pro se.

John B. Whitston, College of Law Legal Clinic, Iowa City, IA, for plaintiff.

Forrest Guddall, Atty. Gen., Special Litigation Div., Des Moines, IA, for defendants.

**ORDER**

GRITZNER, District Judge.

The Court has before it Defendants' Resisted Motion to Dismiss (Clerk's # 12). A hearing on the motion was held June 26, 2002, and the matter is now ready for ruling.

## I. BACKGROUND

Plaintiff is an inmate at the Iowa State Penitentiary (ISP). The Defendants are the past and current warden of ISP and the deputy warden at ISP at the time the contested actions occurred. Plaintiff filed this 42 U.S.C. § 1983 action pro se after his requests for furloughs to visit his hospitalized mother and then to attend her funeral were denied by the Defendants. He alleges that his requests were denied because he is African American. His original Complaint sought compensatory and punitive damages for the stress and mental anguish he suffered after the Defendants refused his requests for the furloughs. He subsequently was appointed counsel, and an Amended Complaint was filed. The Amended Complaint seeks compensatory, nominal, and punitive damages, as well as injunctive relief, and asserts that the Defendants' discriminatory denials of his requests for furloughs aggravated his hypertension and caused him emotional pain, suffering, and mental anguish.

Defendants filed a Motion to Dismiss, contending that the Plaintiff's action is barred by 42 U.S.C. § 1997e(e) of the Prison Litigation Reform Act. Section 1997e(e), entitled Limitation on Recovery, provides:

> No Federal civil action may be brought by a prisoner confined in a jail, prison or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

Defendants argued in their brief that because Plaintiff failed to allege physical injury, his action should be dismissed. At the hearing on the motion to dismiss, however, Defendants conceded that 42 U.S.C. § 1997e(e) would bar only the plaintiff's request for compensatory damages for mental and emotional distress. They are not seeking dismissal of the entire case.

The only issue before the Court, therefore, is whether Plaintiff's claim for compensatory damages for the emotional pain, suffering, and mental anguish he suffered has a legal basis to proceed.

Plaintiff resists the dismissal of his claim for these compensatory damages on two grounds. First, he claims that he has alleged a physical injury, and therefore that 42 U.S.C. § 1997e(e) does not apply. Second, he argues that the physical injury requirement should not apply to claims of intentional discrimination brought under the Fourteenth Amendment. The court grants the Defendants' Motion to Dismiss the Plaintiff's claim for compensatory damages for emotional pain, suffering, and mental anguish for the reasons that follow.

## II. PHYSICAL INJURY

█ Plaintiff contends that he has alleged physical injury sufficient to withstand dismissal pursuant to Fed.R.Civ.P. 12(b)(6). On a motion to dismiss in a civil rights case, the court should construe the complaint liberally, review the complaint most favorably to the nonmoving party, and "may dismiss only if it is clear that no relief can be granted under any set of facts that could be proved consistent with the allegations". *Frey v. City of Herculaneum*, 44 F.3d 667, 671 (8th Cir.1995) (quotations and citations omitted). Defendants seek dismissal of Plaintiff's claim for compensatory damages for stress and mental distress under 42 U.S.C. § 1997e(e). That statute only bars claims for mental and emotional distress if there is no prior showing of physical injury. Plaintiff argues that he has alleged physical injury, that the motion to dismiss should be denied, and that he should be allowed to bolster his allegations of physical injury through the discovery process.

Plaintiff alleges that he suffered bodily harm as a result of the Defendants' ac-

tions. He claims that as a result of the stress caused by the actions of the Defendants, his blood pressure increased, aggravating his hypertension, and that he suffered dizziness, insomnia, and loss of appetite as a result of the stress caused by the defendants' actions (Amended Complaint, p. 3). He argues that the increased hypertension puts him at greater risk for heart attack and stroke. Defendants argue that these symptoms and risks do not constitute "physical injury".

The PLRA does not define "physical injury". *Harris v. Garner*, 190 F.3d 1279, 1286 (11th Cir.1999). The Eighth Circuit has not established a standard for analyzing whether an inmate has sustained the necessary physical injury to support a claim for mental or emotional suffering under § 1997e(e). *See Hardin v. Fullenkamp*, 2001 WL 1662104 (S.D.Iowa). Applying Eighth Amendment standards to determine whether an inmate has sustained the necessary physical injury to support a claim for mental or emotional suffering, the Fifth Circuit held, "the injury must be more than de minimis, but need not be significant". *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir.1997) (holding alleged injury was de minimis, and inmate had not raised valid excessive-force claim under Eighth Amendment, when guard twisted inmate's ear, causing sore, bruised ear lasting three days). In an unpublished opinion, the Eighth Circuit cited with approval the *Siglar* court's dismissal of an inmate's claims pursuant to § 1997e(e) when the alleged physical injury was merely de minimis. *See Smith v. Moody*, 175 F.3d 1025 (table), 1999 WL 197228 (8th Cir. Mar.26, 1999) (affirming dismissal of inmate's complaint, when inmate failed to allege any physical injury).

As in *Siglar*, the Eighth Circuit has held that the Eighth Amendment's prohibition of cruel and unusual punishment "necessarily excludes from constitutional recogni-

tion de minimis use of force, provided that the use of force is not of a sort repugnant to the conscience of mankind". *Jones v. Shields*, 207 F.3d 491, 495 (8th Cir.2000) (quoting *Hudson*, 503 U.S. at 9–10, 112 S.Ct. 995). In determining what standard to apply in deciding whether plaintiff has alleged a sufficient injury, the court agrees with the reasoning of *Hardin v. Fullenkamp*, 2001 WL 1662104 (S.D.Iowa). In that case, Magistrate Judge Bremer reasoned that because the Eighth and Fifth Circuits apply substantially similar standards in evaluating Eighth Amendment claims, and because the Eighth Circuit has cited *Siglar* with approval, Eighth Amendment standards should be used to determine whether a plaintiff has sustained the necessary physical injury under § 1997e(e) to support his claim. Therefore, Todd must have alleged more than a de minimis physical injury to withstand dismissal.

Todd has alleged only that the stress induced by the Defendants' actions elevated his blood pressure to some unspecified level, aggravated his hypertension, and that he now suffers from dizziness, insomnia, and loss of appetite. The court notes these are all symptoms typically associated with people suffering stress or mental distress. Prison itself is a stressful environment. If the symptoms alleged by Todd were enough to satisfy the physical injury requirement of 42 U.S.C. § 1997e(e), very few plaintiffs would be barred by the physical injury rule from seeking compensation on claims for emotional distress. The court has no basis upon which to conclude that result was intended by Congress. The court finds that construing the allegations in the light most favorable to Plaintiff, the injuries alleged do not pass the de minimis test; Todd has not alleged a physical injury sufficient to withstand the operation of 42 U.S.C. § 1997e(e).

## III. APPLICATION OF 42 U.S.C. 1997e(e) TO FOURTEENTH AMENDMENT CLAIMS

Todd also argues that although 42 U.S.C. § 1997e(e) might bar some claims, it does not apply to plaintiff's alleging violations of the First or Fourteenth Amendments. Courts considering this argument have split on the issue. *See, e.g., Searles v. Van Bebber,* 251 F.3d 869, 874 (10th Cir.2001) (collecting cases), *Thompson v. Carter,* 284 F.3d 411 (2d Cir.2002), *Canell v. Lightner,* 143 F.3d 1210 (9th Cir.1998), and *Mason v. Schriro,* 45 F.Supp.2d 709 (W.D.Mo.1999). Because Todd is alleging a violation of the Fourteenth Amendment Equal Protection Clause, he argues that 42 U.S.C. § 1997e(e) does not apply to his claim. He urges this court to adopt the reasoning of the *Mason* court.

That court, and courts following that reasoning, have limited application of 42 U.S.C. § 1997e(e) in cases where the plaintiff's claim is based on First Amendment or Equal Protection violations. The *Mason* court found that the actions were not federal civil actions brought for mental or emotional injury; they were federal civil actions brought for violation of First or Fourteenth Amendment rights. The plaintiffs' claims for mental or emotional distress damages were considered incidental to the constitutional claims and were therefore allowed to proceed. Plaintiff urges this court to adopt the reasoning of those courts and narrowly construe 42 U.S.C. § 1997e(e) to bar only actions where the substantive claim involves infliction of emotional distress. This court finds the language of the statute too broad to suggest that was the intended result.

42 U.S.C. § 1997e(e) states that no federal civil action may be brought by a prisoner for mental or emotional injury suffered while in custody without prior physical injury. The court agrees with the majority of the circuits that "Section 1997e(e) applies to claims in which a plaintiff alleges constitutional violations so that the plaintiff cannot recover damages for mental or emotional injury for a constitutional violation in the absence of a showing of actual physical injury. Because the words 'federal civil action' are not qualified, they include federal civil actions brought to vindicate constitutional rights." *Thompson v. Carter,* 284 F.3d 411, 416 (2d Cir.2002). 42 U.S.C. § 1997e(e) does not limit the filing of Fourteenth or First Amendment claims; it limits the filing of actions for mental or emotional injury without regard to the underlying cause of action. Todd is not barred from filing an action for violation of his Fourteenth Amendment rights; he is barred from filing to recover compensatory damages for mental or emotional injuries stemming from such a violation.

Plaintiff argues that if 42 U.S.C. § 1997e(e) is interpreted to limit his recovery of compensatory damages, serious constitutional problems arise. 42 U.S.C. § 1997e(e) is entitled "Limitation on Recovery," and only bars plaintiff's claim for compensatory damages for emotional pain, suffering, and mental anguish; it does not bar his claim for nominal, injunctive, or punitive damages. Four circuit courts have found this limitation of damages to be constitutional. *See, Searles v. Van Bebber,* 251 F.3d 869, 875–76 (10th Cir.2001), *Harris v. Garner,* 190 F.3d 1279, 1288–89 (11th Cir.1999), *reh'g en banc granted and opinion vacated,* 197 F.3d 1059 (11th Cir.1999), *opinion reinstated in pertinent part en banc,* 216 F.3d 970 (11th Cir.2000), *cert. denied* (June 2001), *Davis v. Dist. of Columbia,* 158 F.3d 1342, 1346–48 (D.C.Cir. 1998), and *Zehner v. Trigg,* 133 F.3d 459, 463–63 (7th Cir.1997). The Court is persuaded by the reasoning of those courts.

The facts as alleged by plaintiff are compelling. The Court is aware that if the allegations are proven, the remedies

available to plaintiff may not adequately compensate him for the harm he has suffered. Additionally, damage remedies provide strong deterrents for unconstitutional behavior behind prison walls. The Constitution, however, does not demand an individually effective remedy for every constitutional violation, and Congress has the authority to balance competing interests in determining the availability of remedies. *See, Zehner v. Trigg,* 133 F.3d 459, 461–63 (7th Cir.1997). Because other damage and injunctive remedies remain available to Todd, Congress' decision to restrict the availability of compensatory damages creates no constitutional infirmity as applied in this case.

## IV. CONCLUSION

For the reasons discussed above, Defendants' Motion to Dismiss Plaintiff's claim for compensatory damages for emotional pain, suffering, and mental anguish is **granted**. The remainder of plaintiff's claim shall proceed. Defendants shall file an answer to the complaint within **ten days** of the date this order is filed.

**IT IS SO ORDERED.**