# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-3137

_____

| | | |
|---|---|---|
| Gilbert Guerra, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Arkansas. |
| Gene Drake, Captain; Montgomery, | * | |
| Sgt.; Simpson, Sgt.; McVay, Deputy; | * | [UNPUBLISHED] |
| Mundy, Deputy, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted: June 4, 2004
Filed: June 10, 2004

_____

Before BYE, McMILLIAN, and RILEY, Circuit Judges.

_____

PER CURIAM.

Arkansas inmate Gilbert Guerra, formerly a pretrial detainee at Benton County Detention Center (BCDC), appeals the district court's[1] final order following two trial-type evidentiary hearings in his 42 U.S.C. § 1983 action. In his complaint Guerra

---

[1]The Honorable Jimm Larry Hendren, Chief Judge, United States District Court for the Western District of Arkansas, adopting the report and recommendations of the Honorable Beverly Stites Jones, United States Magistrate Judge for the Western District of Arkansas.

sought damages from certain BCDC officers and deputies for constitutional violations, alleging that during the first six days he was jailed at BCDC in December 2001, he received unprovoked beatings and was placed in a "torture chair" for long periods.[2] Following the hearings, the district court found in favor of Guerra and against Captain Gene Drake for $1,500 in compensatory damages on the restraint-chair claim; in favor of Guerra and against Deputy McVay for $500 in compensatory damages on the excessive-force claim; and in favor of the remaining defendants. On appeal Guerra argues the district court should have found all the named defendants liable and awarded him punitive damages; he also challenges the district court's denials of his requests for additional inmate witnesses and a medical examination, as well as his motion to add certain defendants. Having carefully reviewed the record, we affirm. See Choate v. Lockhart, 7 F.3d 1370, 1373 & n.1 (8th Cir. 1993) (standard of review following trial before magistrate on prisoner's § 1983 action).

Initially we conclude that the district court did not abuse its discretion in declining to call additional inmate witnesses. See Williams v. Carter, 10 F.3d 563, 566 (8th Cir. 1993) (decision to deny subpoenas for indigent parties at expense of government is within discretion of trial court, which is closer to facts and parties). Guerra does not state what further testimony these witnesses would have provided, and many of the witnesses (BCDC staff) whom Guerra requested had no knowledge of the incidents about which he complained. Further, a physical examination was unwarranted. The court credited the testimony of Guerra and the inmate witnesses as to the injuries Guerra received during the incidents, and his hospital and inmate medical records for the relevant period were entered as exhibits.

As to the merits, we agree with the district court that there was insufficient evidence to hold Deputy Mundy or Sergeants Montgomery and Simpson liable. Guerra could not identify the parties involved in the incidents, and he does not point

---

[2]Guerra has abandoned his claim regarding inadequate medical care.

to specific evidence (nor do we find any) supporting liability against these defendants.

Guerra's remaining arguments fail as well. The district court did not abuse its discretion in concluding Guerra was not entitled to punitive damages. Cf. Stevens v. McHan, 3 F.3d 1204, 1207 (8th Cir. 1993) (damages award in § 1983 action reviewed for abuse of discretion). In the incidents with McVay, Guerra admittedly disobeyed orders and resisted the deputies, and the evidence supports the district court's finding that Guerra was left for prolonged periods in the restraint chair on three occasions because specific policies regarding the chair's use had not been developed. Cf. Smith v. Wade, 461 U.S. 30, 56 (1983) (jury may award punitive damages in § 1983 action when conduct is shown to be motivated by evil motive or intent, or to involve reckless or callous indifference to federally protected rights). Finally, we find no abuse of discretion in the district court's denial of Guerra's request to amend his complaint, given the timing of the request and the lack of evidence supporting liability against the individuals he sought to add as defendants. See Meehan v. United Consumers Club Franchising Corp., 312 F.3d 909, 913 (8th Cir. 2002) (standard of review).

Accordingly, we affirm. We deny Guerra's motion as moot.

_____