RILEY, Circuit Judge.
Jeffery Royal (Royal) brought a section 1983 prisoner suit against several Iowa Medical Classification Center (IMCC) employees, including Tom Reid (Reid), IMCC’s head of security. After a trial, Royal obtained a judgment against Reid for $1.00, and was awarded attorney fees in the amount of $1.50. The district court expressly found “Royal did not sustain a physical injury.” Consequently, the district court[1] denied mental or emotional *722 damages, awarding only nominal damages, and further denied an award of punitive damages. We affirm.
I. BACKGROUND
While an inmate at IMCC, an institution within the Iowa Department of Corrections, Royal made numerous complaints and grievances. Most of Royal’s complaints followed unsuccessful requests for medical care to address a spinal cord 'injury. After Reid tired of Royal’s behavior, Reid placed Royal in segregation for sixty days. Royal filed a section 1983 suit against the IMCC officials, including Reid, for retaliation against Royal’s First Amendment rights and access to the courts. The defendants filed a motion for summary judgment, which the district court denied. In denying the motion for summary judgment, the district court determined the record contained no allegations and no evidence showing Royal sustained physical injury. Thus, the district court determined the Prison Litigation and Reform Act of 1995 (PLRA) limited Royal’s damages to nominal damages. See 42 U.S.C. § 1997e(e).
Following an evidentiary hearing, the district court found Reid had unconstitutionally retaliated against Royal by placing him in segregation because Royal filed numerous grievances. Since Royal did not suffer physical injury, the district court assessed nominal damages of $1.00. The district court considered punitive damages, but decided against them after finding Reid did not act with evil motive or reckless indifference,'' but out of frustration and a desire to protect his staff from Royal’s abuse. Because Reid had retired, the district court also found punitive damages would not deter future conduct. Applying the'PLRA’s limitation on attorney fees, the district court awarded attorney fees in the amount of $1.50 to Royal.
On appeal, Royal asserts three grounds for reversing the district court. First, Royal contends he is entitled to more than nominal damages, even though he suffered no physical injury. Second, Royal contends the district court abused its discretion by failing to award punitive damages. Third, Royal attacks the constitutionality of the PLRA’s limitation on attorney fees.
II. DISCUSSION
A. Standard of Review
We “review claims of constitutional error and issues of statutory construction de novo.” Foulk v. Charrier, 262 F.3d 687, 703 (8th Cir.2001). However, the district court’s damages award, including the district court’s decision to deny punitive damages, is reviewed for an abuse of discretion. Trobaugh v. Hall, 176 F.3d 1087, 1088-89 (8th Cir.1999). We review the district court’s factual findings for clear error. See Williams v. Brimeyer, 116 F.3d 351, 354 (8th Cir.1997).
B. Compensatory Damages
The PLRA states “[n]o Federal civil action. may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.” 42 U.S.C. § 1997e(e). With commendable candor, Royal acknowledges he did not suffer physical injury, and does not challenge the district court’s conclusion Royal suffered no physical injury as a result of Reid’s actions. However, Royal contends the PLRA does not limit his damages simply because he did not suffer physical injury. Royal argues (1) the PLRA’s limitation on damages does not apply to First Amend *723 ment violations, and (2) his claim for being improperly segregated does not involve mental or emotional injury, so the PLRA should not limit his damages.
We are not the first court to confront whether section 1997e(e) applies to First Amendment violations. Other courts have not agreed on a uniform interpretation of section 1997e(e). The majority of courts hold section 1997e(e)’s limitation on damages applies to all federal prisoner lawsuits. See, e.g., Thompson v. Carter, 284 F.3d 411, 416 (2d Cir.2002) (concluding “[sjection 1997e(e) applies to all federal civil actions including claims alleging constitutional violations”); Searles v. Van Bebber, 251 F.3d 869, 876 (10th Cir.2001) (holding section 1997e(e) applies to First Amendment violations); Allah v. Al-Hafeez, 226 F.3d 247, 250-51 (3d Cir.2000) (holding section 1997e(e) applies to First Amendment violations); Todd v. Graves, 217 F.Supp.2d 958, 961 (S.D.Iowa 2002) (holding section 1997e(e) applies to Fourteenth Amendment suits). Some courts have charted a different course, excluding First and Fourteenth Amendment claims from section 1997e(e)’s reach. See, e.g., Canell v. Lightner, 143 F.3d 1210, 1213 (9th Cir.1998) (holding section 1997e(e) does not apply to First Amendment claims); Mason v. Schriro, 45 F.Supp.2d 709, 719 (W.D.Mo.1999) (holding section 1997e(e) does not apply to Fourteenth Amendment equal protection claims).
We join the majority, concluding Congress did not intend section 1997e(e) to limit recovery only to a select group of federal actions brought by prisoners. Instead, we read section 1997e(e) as limiting recovery for mental or emotional injury in all federal actions brought by prisoners. In reaching this conclusion, we cannot escape the unmistakably clear language Congress used: “No Federal civil action may be brought by a prisoner ... for mental or emotional injury ... without a prior showing of physical injury.” To read this statute to exempt First Amendment claims would require us to interpret “[n]o Federal civil action” to mean “[n]o Federal civil action [except for First Amendment violations].” If Congress desires such a reading of section 1997e(e), Congress can certainly say so. We cannot.
Royal’s second argument is his claim does not involve mental or emotional injury, so the PLRA should not limit his recovery rights. Royal apparently contends other types of recovery are available to him. To the extent Royal argues nominal damages, punitive damages, and injunctive and declaratory relief are available to him, we agree. Congress did not intend section 1997e(e) to bar recovery for all forms of relief. See, e.g., Memphis Cmty. Sch. Dist. v. Stachura, 477 U.S. 299, 308, 106 S.Ct. 2537, 91 L.Ed.2d 249 (1986) (holding nominal damages should be granted for section 1983 claims when actual injury cannot be shown); Smith v. Wade, 461 U.S. 30, 56, 103 S.Ct. 1625, 75 L.Ed.2d 632 (1983) (holding punitive damages are authorized for violations of constitutional rights); Hughes v. Lott, 350 F.3d 1157, 1162 (11th Cir.2003) (holding section 1997e(e) does not preclude nominal damages); Thompson, 284 F.3d at 418 (holding section 1997e(e) does not preclude injunc-tive relief or nominal damages); Searles, 251 F.3d at 878-79 (holding section 1997e(e) does not preclude nominal damages); Davis v. Dist. of Columbia, 158 F.3d 1342, 1346 (D.C.Cir.1998) (stating section 1997e(e) does not preclude injunc-tive relief); Zehner v. Trigg, 133 F.3d 459, 462 (7th Cir.1997) (same). Therefore, Royal was free to seek nominal damages, punitive damages, injunctive relief and a declaratory judgment. Congress is well within its authority to balance the interests and reasonably limit a prisoner’s relief.
*724 The district court awarded $1.00 in nominal damages to Royal, and considered awarding punitive damages. Faithfully following the PLRA, the district court appropriately awarded Royal $1.00 in nominal damages1 for Royal’s First Amendment violation. Royal may not recover some indescribable and indefinite damage allegedly arising from a violation of his constitutional rights. See, e.g., Stachura, 477 U.S. at 308 n. 11, 106 S.Ct. 2537 (stating “nominal damages, and not damages based on some undefinable ‘value’ of infringed rights, are the appropriate means of ‘vindicating’ rights whose deprivation has not caused actual, provable injury”); Carey v. Piphus, 435 U.S. 247, 267, 98 S.Ct. 1042, 55 L.Ed.2d 252 (1978) (holding nominal damage award of $1.00 required for procedural due process violation); Risdal v. Halford, 209 F.3d 1071, 1073 (8th Cir.2000) (holding court must award nominal damages in the amount of $1.00 for First Amendment violations).[2]
C. Punitive Damages
A factfinder may assess punitive damages in a section 1983 action when a “defendant’s conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others.” Wade, 461 U.S. at 56, 103 S.Ct. 1625. If a district court finds a defendant’s conduct meets the threshold for awarding punitive damages, the court should then consider the two purposes of punitive damages: (1) punish willful or malicious conduct; and (2) deter future unlawful conduct. Coleman v. Rahija, 114 F.3d 778, 787 (8th Cir.1997). An appellate court should not lightly reverse a district court’s decision to award-or not to award-punitive damages in a section 1983 case. Because a district court’s decision to award punitive damages involves “a discretionary moral judgment,” we empower a district court with enough discretion to make its proper judgment call without fear of inappropriate appellate intervention. Id.; Taylor v. Howe, 280 F.3d 1210, 1212 (8th Cir.2002) (holding district court’s decision not to award punitive damages was not an abuse of discretion because “the Court’s action [was not] so far out of bounds as to justify appellate intervention”). We reverse only when we are convinced the decision to award-or not to award-punitive damages constitutes an abuse of discretion. Coleman, 114 F.3d at 787-88.
Given the highly deferential standard of review, we find no reversible error *725 for three reasons. First, the district court accurately stated and applied the appropriate legal standard on punitive damages. Second, the district court’s factual findings were not clearly erroneous. As the fact-finder, the district court found no “evil motive” or “reckless or callous indifference” in Reid’s actions. Instead, the district court found Reid acted, in part, out of frustration and a concern to protect his staff from Royal’s abuse. Third, the district court concluded the purposes behind punitive damages would not be advanced in this case. The district court noted Reid’s retirement weighed against awarding punitive damages, because a punitive damages award would not deter Reid’s future conduct. The district court also concluded punitive damages were unnecessary to deter others. This conclusion is buttressed by the district court finding Reid’s conduct violated the First Amendment, of which every IMCC employee should be made aware.
Royal contends Trobaugh also controls the punitive damages issue. However, the court in Trobaugh did not hold the district court abused its discretion by not awarding punitive damages. Instead, the court held the district court abused its discretion by awarding only $1.00 for nominal damages. Trobaugh, 176 F.3d at 1088-89. Since the court reversed the district court on the nominal damages award and remanded for reconsideration, the court asked the district court to reconsider its decision not to award punitive damages. Id. at 1089. Indeed, the district court refused to award punitive damages upon remand. We conclude Trobaugh does not require us to reverse the district court’s decision not to award punitive damages.
Because the district court applied the correct legal standard, and exercised its discretion in denying punitive damages,'we refuse to second-guess the district court’s decision. We conclude the district court did not abuse its discretion in not awarding punitive damages to Royal.
D. Attorney Fees
The PLRA places the following limitation on awards of attorney fees:
Whenever a monetary judgment is awarded in an action [brought by a prisoner in which attorney fees are authorized], a portion of the judgment (not to exceed 25 percent) shall be applied to satisfy the amount of attorney[] fees awarded against the defendant. If the award of attorney[] fees is not greater than 150 percent of the judgment, the excess shall be paid by the defendant.
42 U.S.C. § 1997e(d)(2). Although awkwardly worded, the PLRA allows an award of attorney fees for 150 percent of the damages award.
Royal contends the PLRA’s attorney fees limitation violates his constitutional rights. Based on settled Eighth Circuit precedent, the district court rejected Royal’s constitutional attack and awarded attorney fees in the amount of $1.50 (i.e., 150 percent of the $1.00 monetary judgment).
On appeal, Royal recognizes Eighth Circuit precedent controls the issue of the constitutionality of the PLRA’s attorney fee limitation. We agree. In Foulk, 262 F.3d at 704, our circuit joined other circuits in holding “the PLRA’s attorney[] fees cap passes constitutional muster.” See Robinson v. Hager, 292 F.3d 560, 563 n. 2 (8th Cir.2002) (following Foulk “because this circuit has already upheld the constitutionality of the PLRA, and because a panel cannot overturn another panel’s decision”). In deciding the PLRA’s attorney fee limitation was constitutional, our court recognized “we are not authorized to act as a superlegislature to judge the wisdom or desirability of legislative policy determinations made in areas that neither *726 affect fundamental rights nor proceed along suspect lines. Moreover, our role is not to judge the wisdom, fairness, or logic of legislative choices.” Foulk, 262 F.3d at 704 (quoting Walker v. Bain, 257 F.3d 660, 670 (6th Cir.2001)).
Notwithstanding our circuit’s binding decision upholding the PLRA’s limitation on attorney fees, Royal wishes to await this panel’s decision and seek en banc review to overrule Foulk. Agreeing with the district court’s decision to limit attorney fees to 150 percent of the damages award, we affirm the district court’s award of $1.50 in attorney fees.
III. CONCLUSION
For the foregoing reasons, we affirm the district court’s judgment in Royal’s favor, including its decision to award $1.00 in nominal damages and not to award punitive damages. We also affirm the district court’s order limiting the attorney fees award to $1.50, or 150 percent of the damages award.

. By consent of the parties, the dispute was referred for final disposition to the Honorable Ross A. Walters, United States Magistrate Judge for the Southern District of Iowa. 28 U.S.C. § 636(c).

. Besides the rejected compensatory damages claim for mental or emotional injury, we are uncertain as to what damages Royal seeks. Citing Trobaugh, Royal seemingly seeks damages for each day he wrongfully spent in segregation, a loss of liberty injury. In Tro-baugh, a prisoner filed a section 1983 suit for being placed in segregation for exercising his First Amendment rights. Trobaugh, 176 F.3d at 1088. The district court found the prisoner's First Amendment rights had been violated, and awarded him $1.00 as nominal damages. Id. On appeal, our court concluded the district court's "compensatory damage award was patently insufficient to compensate [the prisoner] for the injury he suffered by being placed in segregation in retaliation for exercising his constitutional right.” Id. at 1089. Remanding the case for a new damages award, the court stated an "appropriate amount ... would be in the vicinity of $100 per day for each [day] spent in administrative segregation.” Id. Trobaugh does not control Royal’s case, because the Trobaugh court did not confront the PLRA's limitation on recovery in prisoner suits. The Trobaugh court also did not discuss what injury the $100 per day compensated. Nor did the court explain how it arrived at $100 per day as an "appropriate” damage assessment. Finally, the Tro-baugh court did not discuss whether the prisoner had been released from prison, which would have taken his case outside of section 1997e(e), had it even applied. Because the Trobaugh court was not limited by the PLRA, as we are in this case, we decline to extend the holding from Trobaugh to cover a damage award subject to the PLRA’s limitations.