[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 8, 2005
THOMAS K. KAHN
CLERK

No. 04-10710
Non-Argument Calendar

_____

D. C. Docket No. 03-00356-CR-T-24MSS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILLIAM E. BAKER, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(June 8, 2005)

Before ANDERSON, BIRCH and BARKETT, Circuit Judges.

PER CURIAM:

William Baker, Jr., appeals pro se his conviction for one count of attempted

tax evasion, in violation of 26 U.S.C. § 7201. On appeal, Baker argues that the district court should have dismissed the case against him because the government failed to set forth any provision of law by which the district court had jurisdiction. He also asserts that Congress's authority did not extend to the territorial limits of the states, and the State of Florida had not assented to federal jurisdiction over its territory. He further argues that, as a domiciliary of Florida, the government did not have personal jurisdiction over him, and he had not committed an act within one of the defined "states" over which the federal government has jurisdiction. Baker also contends that (1) the Fourteenth Amendment never properly was ratified, (2) the government failed to establish a "nexus" demonstrating that the taxes in question applied to him, and (3) there is a six-year statute of limitations for criminal prosecutions involving income tax laws.

Questions of a district court's subject-matter jurisdiction are questions of law subject to plenary review by this Court. United States v. Maduno, 40 F.3d 1212, 1215 (11th Cir. 1994). Federal district courts have exclusive jurisdiction over "all offenses against the laws of the United States." 18 U.S.C. § 3231. The Sixteenth Amendment to the U.S. Constitution provides, in part, that "Congress shall have power to lay and collect taxes on incomes, from whatever source derived." U.S. Constit. amend. XVI. Under this authority, Congress enacted

§ 7201, which imposes criminal penalties against any individual who willfully attempts to evade or defeat any federal tax. 26 U.S.C. § 7201.

In Cheek v. United States, 498 U.S. 192, 195, 111 S.Ct. 604, 607, 112 L.Ed.2d 617 (1991), the Supreme Court acknowledged that arguments that federal income tax laws do not apply to individuals because "they were not taxpayers within the meaning of the tax laws, that wages are not income, that the Sixteenth Amendment does not authorize the imposition of an income tax on individuals, and that the Sixteenth Amendment is unenforceable" repeatedly have been rejected by federal courts as frivolous. Because Baker's arguments repeatedly have been found to lack merit, we deem them frivolous and affirm Baker's conviction.

Baker next argues that the government engaged in prosecutorial misconduct by threatening to indict his wife unless the case proceeded quickly. He also contends that the district court judge was not impartial because she (1) refused to investigate his claims of prosecutorial misconduct, and (2) proceeded to trial with the knowledge that she was a party to a lawsuit in state court, in which Baker was seeking declaratory judgment against her. Baker also argues that the district court and the government privately agreed to "settle and close" the case against him.

Generally, determinations of prosecutorial misconduct involve mixed questions of law and fact, which we review de novo. United States v. Noriega, 117

F.3d 1206, 1218 (11th Cir. 1997). We review for an abuse of discretion a district court judge's decision whether to recuse herself. Thomas v. Tenneco Packaging Co., Inc., 293 F.3d 1306, 1319-20 (11th Cir. 2002).

We have stated that we "find[] no impropriety in the government's warnings that members of [a defendant's] family could be indicted." United States v. Horton, 646 F.2d 181, 187 (5th Cir. Unit A. May 1981).[1] The Due Process Clause requires "'a fair trial in a fair tribunal' before a judge with no actual bias against the defendant or interest in the outcome of his particular case." Bracy v. Gramley, 520 U.S. 899, 904-05, 117 S.Ct. 1793, 1797, 138 L.Ed.2d 97 (1997) (citations omitted).

Because Baker presented no evidence of prosecutorial misconduct or judicial impartiality, we affirm his conviction.

**AFFIRMED.**[2]

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981)(en banc), this Court adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

[2] Baker's request for oral argument is denied.