UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Antonio King,
     Plaintiff

     v.                                    Civil No. 04-cv-356-SM
                                           Opinion No. 2006 DNH 103
Cesar Rivas, Theresa Pendleton,
and James O'Mara, Jr.,
     Superintendent of the
     Hillsborough County
     Department of Corrections

**O R D E R**

Plaintiff, Antonio King, seeks a new trial on damages with respect to the jury's finding on Count I of his complaint.  See Fed. R. Civ. P. 59.  Having carefully considered the matter, the court concludes that a new trial on damages is warranted.

In Count I, King alleged that Defendant Cesar Rivas, a correctional officer at the Hillsborough County House of Corrections, violated his Fourteenth Amendment rights by falsely accusing him, a pretrial detainee, of being one of several inmates who charged Rivas and threatened to take him hostage. King further alleged that Rivas made the false accusation knowing and intending that, as a result, King would be taken to the Restricted Housing Unit (RHU), where he would be punished.  And,

King alleged that he, in fact, was taken to the RHU and did suffer punishment as a direct result of Rivas' false accusation.

The case was tried on the merits and a jury returned a verdict in King's favor on Count I.  It awarded nominal damages of $1.00, no compensatory damages, and $500.00 in punitive damages.

As King points out, the jury necessarily found by a preponderance of the evidence that Rivas falsely accused him of involvement in the alleged threatening behavior, did so intentionally and for the purpose of causing him to be punished, and that he was actually punished as a direct result of Rivas' false accusation.  That punishment took the form of an administrative sanction of thirty days in punitive segregation. A subsequent administrative reclassification of his custody level was also based in substantial part on Rivas' false accusation. The reclassification resulted in King being held in isolation well beyond the thirty day punitive sanction, for a total period in isolation of some five months.

While in the RHU, King was deprived of many privileges he otherwise would have enjoyed and endured much more severe conditions of confinement.  For example, he was confined to his

cell for twenty-three hours of each day, was allowed no reading material for thirty days, and after that he was allowed only the Bible.  Without question, Rivas' intentionally false accusation caused King to suffer conditions of confinement that were materially more severe in segregation than they would have been absent the false accusation and under his previous classification.

The evidence of actual injury — isolation — was largely uncontested.  Instead, the parties focused on whether Rivas' accusation was or was not false.  The government may, of course, impose necessary restrictions and conditions upon a pretrial detainee — that is, conditions necessary to maintain security, order and discipline, and to ensure his presence at trial.  And the government may impose reasonable punishment for violations of institutional rules.  See O'Connor v. Huard, 117 F.3d 12, 16 (1st Cir. 1997).

But here the jury found that Rivas falsely accused King of misconduct, knowing and intending that he would be punished. Administrative punishment imposed upon a pretrial detainee without a legitimate penalogical purpose violates the Due Process Clause of the Fourteenth Amendment.  Plainly, punishment resulting from Rivas' false accusation subjects Rivas to § 1983

liability.  Accordingly, King was entitled to full and fair compensatory damages for the actual injuries he suffered — deprivation of liberty (at a minimum, injury measured by the difference in the degree of liberty he would have enjoyed absent the false accusation), as well as attendant mental anguish and physical discomfort and deprivations.

Defendants do not directly address the pertinent issue: whether King suffered a compensable injury.  Instead, they argue that the only claim King had for compensatory damages was for mental pain and suffering, and that he failed to persuade the jury that he actually sustained such injuries, or if he did, that they were more than de minimus.  Therefore, they argue, the nominal damages award was proper and sustainable.  The court disagrees.

It has been widely recognized that the wrongful imposition of punitive segregation constitutes an actual compensable injury, and an award of only nominal damages for that injury is plainly inadequate under the law.  See King v. Higgins, 702 F.2d 18 (1st Cir. 1983) (disciplinary hearing deprived plaintiff of due process, and that deprivation also tainted his reclassification hearing.  Time served in isolation as punishment entitled plaintiff to compensatory damages); H.C. by Hewett v. Jarrard,

4

786 F.2d 1080, 1088 (11th Cir. 1986) (compensatory damages appropriate for wrongful solitary confinement, citing King v. Higgins, supra; error for district court to award only nominal damages); Trobaugh v. Hall, 176 F.3d 1087, 1088-89 (8th Cir. 1999) ("In our opinion, the $1 compensatory damage award was patently insufficient to compensate [plaintiff] for the injury he suffered by being placed in segregation in retaliation for exercising a constitutional right."); Charron v. Medium Sec. Inst., 730 F. Supp. 987, 995-97 (E.D. Mo. 1989) (Pretrial detainee's placement in segregation was a restriction not reasonably related to a legitimate penalogical goal or purpose and, therefore, amounted to punishment that may not constitutionally be inflicted; one hundred dollars awarded for each day of wrongful segregated confinement.).

Because King was a pretrial detainee he was not subject to punishment prior to trial, save for discipline properly imposed for misbehavior in violation of legitimate House of Corrections rules and policies. While it is true that incarceration itself generally serves to deprive even pretrial detainees of their liberty, and increasingly restrictive degrees of deprivation within a jail are customarily used as punishment for rules infractions, King was not subjected to legitimate punishment for

an actual rules infraction.  Instead, he was wrongfully subjected to extreme discipline based on Rivas' intentionally false report.

In short, the evidence was essentially undisputed, and the jury's verdict on liability established, that King was wrongfully punished.  He was, therefore, entitled to a compensatory award of damages as a matter of law.  See, e.g., Kerman v. City of New York, 374 F.3d 93, 124-126 (2d Cir. 2004) ("Similarly, where the plaintiff was indisputably deprived of his liberty, and the conduct of the defendant responsible for the deprivation was found to be unlawful, we have held that the plaintiff is entitled to compensatory, not merely nominal, damages.") (citations omitted).

Although no objection was interposed to the instructions, still, the jury should have been instructed that, if they found for King against Rivas, then King was entitled to compensatory damages for the punishment that was imposed due to the false accusation — here, the loss of liberty — as well as for any damages sustained that were reasonably foreseeable and proximately caused by Rivas' conduct (i.e., the reclassification and concomitant deprivation of liberty).

Finding, as I do, clear error in the jury's failure to award compensatory damages in any amount, and finding that the award of $1 in nominal damages is legally inadequate and against the substantial weight of the evidence presented, plaintiff's motion for a new trial on damages with respect to Count I is hereby granted.[1]

**SO ORDERED.**

_____
Steven J. McAuliffe
Chief Judge

September 8, 2006

cc:  Michael J. Sheehan, Esq.
     Elizabeth L. Hurley, Esq.
     John A. Curran, Esq.

---

[1]     A new trial on damages alone is appropriate as there is no indication that the jury's failure to award compensatory damages was related in any manner to a compromise verdict on liability.  See Phav v. Trueblood, Inc., 915 F.2d 764 (1st Cir. 1990); Bedenfield v. Shultz, 272 F. Supp. 2d 753 (N.D. Ill. 2003).  The jury's verdict on damages was likely attributable to the absence of a clear instruction that wrongful segregation or isolation does constitute an actual and compensable injury.